IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JEFFERY MARTIN**                                                                                  **PLAINTIFF**

VS.                                            **CASE NO. 3:11CV00260 HDY**

**MICHAEL J. ASTRUE, Commissioner,**
  **Social Security Administration**                                        **DEFENDANT**

**ORDER**

Plaintiff, in his appeal of the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits (DIB) and Supplemental Security Income (SSI), contends: (1) the Administrative Law Judge (ALJ) erred in finding that the plaintiff could perform light work, in part because the ALJ erred in his credibility assessment; and (2) the ALJ should have ordered further testing to determine whether the plaintiff had borderline intelligence. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on August 11, 2011. (Tr. 25-44). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

**ALJ's Finding That Plaintiff Could Perform Light Work:** The ALJ determined that the plaintiff, who was 29 at the time of the administrative hearing with past relevant work as an irrigation farmer, had the severe impairments of chronic back pain, lumbar radiculopathy, poor eyesight and depression. The ALJ found the plaintiff could not perform his past work but that he

could perform light work with limitations[1]. The plaintiff contends the ALJ erred in making this finding, and points to an allegedly erroneous credibility assessment, as well as to the ALJ's alleged failure to give proper weight to the report of Dr. Kumar.

The ALJ, citing *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984), noted that the medical findings did not correspond with the plaintiff's subjective complaints. The ALJ noted the scant medical history which "suggests a marginal history of treatment for back and neck pain." (Tr. 14). Further, the findings of Dr. Kumar were essentially normal, according to the ALJ, even though Dr. Kumar diagnosed plaintiff with chronic neck pain and low back pain, radiculopathy, and depression. As for mental impairments, the plaintiff was examined by a psychologist, Dr. Hester, who found plaintiff capable in many respects, and specifically opined that he appeared to have the "capacity to complete work-like tasks within an acceptable timeframe as long as the tasks do not aggravate his pain issues." (Tr. 196). The plaintiff reported to Dr. Hester that his last job ended due to its seasonal nature. (Tr. 191). The ALJ noted that there were no opinions from any treating or examining physicians indicating the plaintiff was disabled or had limitations greater than those described by the ALJ. Finally, the ALJ noted there were significant periods of time after the alleged onset date where the plaintiff took no medications for his symptoms. We find substantial evidence supports the ALJ's credibility assessment. While the plaintiff faults the ALJ for not crediting his work record, there is no error in this regard, as the work record is not compelling under the circumstances, especially in light of the sparse medical treatment sought by the plaintiff and the

---

[1] The physical limitations were that plaintiff could only occasionally balance, stoop, kneel and crouch. Mental limitations were that plaintiff was determined to be able to perform work where interpersonal contact is routine but superficial, and where complexity of tasks is learned by experience and supervision is little for routine tasks but detailed for for non-routine tasks.

absence of physician-imposed limitations. (Tr. 127-129).

The plaintiff also points to the report of Dr. Kumar, who performed a consultative examination of the plaintiff on May 14, 2010. At the conclusion of the report, Dr. Kumar diagnosed the plaintiff with chronic neck and low back pain, radiculopathy, and depression. Dr. Kumar added that plaintiff's physical abilities were "limited <u>significantly</u> at present time." (Tr. 176). The ALJ noted Dr. Kumar's comments but accorded them "little probative weight" because the comments were not consistent with the record as a whole. The ALJ's ruling in this regard was correct. No other physician opined to limitations on the plaintiff's behalf. More significantly, Dr. Kumar himself found that the plaintiff needed glasses but otherwise found his range of motion normal in his shoulders, elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine. (Tr. 174). He further found plaintiff's reflexes were normal, and that he had no muscle atrophy, no sensory abnormalities, and that his gait/coordination was normal. (Tr. 175). Thus, Dr. Kumar's statement of significant limitations is at odds with his own specific findings. There is no error in the ALJ's treatment of Dr. Kumar's report, and there is no merit in the first claim of the plaintiff. The residual functional capacity (RFC) determined by the ALJ took into account some physical limitations, seeming to give some weight to Dr. Kumar, and took into account some mental limitations, giving some weight to the findings of Dr. Hester. Substantial evidence supports the ALJ's ruling in this regard.

**The ALJ should have ordered further testing to determine whether the plaintiff had borderline intelligence:** The plaintiff cites Dr. Hester's report to suggest that the ALJ should have developed the record further on the issue of borderline intelligence. An examination of Dr. Hester's findings shows that he made numerous specific findings on the plaintiff's mental abilities. For

3

example, Dr. Hester opined that the plaintiff was able to tend to his basic self care needs, was able to communicate in an intelligible and effective manner, likely to be able to cope with the typical mental demands of basic work-like tasks, able to attend and sustain concentration on basic tasks, and appears to have the capacity to sustain persistence in completing tasks. (Tr. 195). The comment cited by the plaintiff, that "he is likely to test in the borderline intelligence range," did not keep Dr. Hester from the definitive opinions he offered which are consistent with the ALJ's decision. (Tr. 194). Three other factors should be noted regarding this issue. First, the plaintiff did not allege borderline intelligence as a disabling impairment. Second, the ALJ's hypothetical questions embodied some mental impairments in that the vocational expert was asked to assume limited interpersonal contact, limited complexity of tasks, and detailed supervision for non-routine tasks. These limitations in the hypothetical questions accurately reflect the plaintiff's mental impairments as shown in the records. Finally, the plaintiff relies on *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997), but the *Lucy* case, unlike the present case, was an instance when the ALJ decided the case using the Medical-Vocational Guidelines rather than calling a vocational expert to testify. There is no merit to the second claim of the plaintiff, we find the ultimate decision of the Commissioner was supported by substantial evidence.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this  12   day of October, 2012.

UNITED STATES MAGISTRATE JUDGE